UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | No. SA:14–MC–445–DAE |
| OPPORTUNITY COMMISSION, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| vs. | § | |
| | § | |
| A'GACI, LLC, | § | |
| | § | |
| Respondent. | § | |

ORDER (1) GRANTING RESPONDENT'S MOTION TO SEAL APPLICATION
TO ENFORCE ADMINISTRATIVE SUBPOENA; (2) GRANTING
RESPONDENT'S MOTION TO FILE EXHIBITS TO RESPONSE UNDER
SEAL; (3) GRANTING IN PART AND DENYING IN PART RESPONDENT'S
MOTION TO SEAL APPLICANT'S REPLY, MOTION FOR PROTECTIVE
ORDER, AND REQUEST FOR ATTORNEY'S FEES

Before the Court are three Motions to Seal filed by Respondent

A'GACI, LLC ("A'GACI"): (1) A'GACI's Motion to Seal the Equal Employment

Opportunity Commission's ("EEOC") Application to Enforce Administrative

Subpoena (Dkt. # 4); (2) A'GACI's Motion to File Exhibits to Response Under

Seal (Dkt. # 5); and (3) A'GACI's Motion to Seal the EEOC's Reply to Response

to EEOC's Application to Enforce Administrative Subpoena, Motion for Protective

Order, and Request for Attorney's Fees (Dkt. # 11).  Pursuant to Local Rule 7(h),

the Court finds this matter suitable for disposition without a hearing.  After

reviewing the Motions and the supporting and opposing memoranda, for the

1

reasons that follow, the Court **GRANTS** A'GACI's Motion to Seal the Application to Enforce Administrative Subpoena (Dkt. # 4).  The Court **GRANTS** A'GACI's Motion to File Exhibits to Response Under Seal (Dkt. # 5).  The Court **GRANTS** A'GACI's Motion to Seal the EEOC's Reply, **GRANTS** A'GACI's Motion for Protective Order, and **DENIES** A'GACI's Request for Attorney's Fees (Dkt. # 11).

<u>BACKGROUND</u>

On November 6, 2009, Chris Daiss ("Daiss"), a former A'GACI employee, filed a charge of discrimination with the EEOC alleging that he had been terminated in retaliation for complaining about potentially discriminatory hiring practices.  (Dkt. # 4 at 2.)  On May 12, 2011, the EEOC issued Subpoena No. DA–11–10, requesting various data and information from A'GACI in connection with Daiss's charge and the allegations therein.  (<u>Id.</u> at 3.)  A'GACI filed a petition to modify or revoke the subpoena, which the EEOC denied.  (<u>Id.</u>)  A'GACI continued to refuse to provide the requested information, and on May 14, 2014, the EEOC filed an Application to Enforce Administrative Subpoena.  (Dkt. # 1.)

On July 11, 2014, A'GACI filed a Motion to Seal the EEOC's Application to Enforce Administrative Subpoena.  (Dkt. # 4.)  On July 22, 2014, the EEOC filed a Response and brief in support.  (Dkt. # 9.)  On July 25, 2014,

A'GACI filed a Reply.  (Dkt. # 10.)  On July 14, 2014, A'GACI filed a Motion to

File Exhibits to Response Under Seal.  (Dkt. # 5.)  The EEOC did not file a

Response.  On August 19, 2014, A'GACI filed a Motion to Seal EEOC's Reply,

Motion for Protective Order, and Request For Attorney's Fees.  (Dkt. # 11.)  On

August 25, 2014, the EEOC filed a Response (Dkt. # 12), and on September 2,

2014, A'GACI filed a Reply.  (Dkt. # 13.)

## LEGAL STANDARD

"Courts have recognized that the public has a common law right to

inspect and copy judicial records."  SEC v. Van Waeyenberghe, 990 F.2d 845, 848

(5th Cir. 1993) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597

(1978)).  The right of public access serves to "promote trustworthiness of the

judicial process, to curb judicial abuses, and to provide the public with a more

complete understanding of the judicial system, including a better perception of

fairness."  Id. at 849.  "Public confidence [in our judicial system] cannot long be

maintained where important judicial decisions are made behind closed doors and

then announced in conclusive terms to the public, with the record supporting the

court's decision sealed from public view."  In re High Sulfur Content Gasoline

Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir. 2008).

However, district courts have the discretion to seal documents if the

interests favoring nondisclosure outweigh the presumption in favor of the public's

right to access.  Van Waeyenberghe, 990 F.2d at 848; Fed. R. Civ. P. 5.2(d)

(authorizing courts to order filings to be made under seal).  Because a motion to

seal implicates the right to public access, and therefore implicates the First

Amendment, "the district court's discretion to seal . . . is to be exercised charily."

Van Waeyenberghe, 990 F.2d at 848; Bahwell v. Stanley-Bostitch, Inc., No.

Civ.A.00–0541, 2002 WL 1290777, at *1 (E.D. La. 2002).

DISCUSSION

I.      Motion to Seal Application

            The first Motion before the Court is A'GACI's Motion to Seal the

EEOC's Application to Enforce Administrative Subpoena.  (Dkt. # 4.)  As a

preliminary matter, the Court notes that the EEOC attached twenty-two exhibits to

its Application, including Daiss's original charge, correspondence between the

EEOC and A'GACI, and information produced by A'GACI in response to

previous requests for information.  (See Dkt. # 1, Exs. ## 1–22.)  The EEOC has

stipulated to sealing all attachments to the Application, and has stipulated to

immediately removing from the record those documents A'GACI asserts are

privileged.  (Dkt. # 9 at 2.)  Thus, the only document at issue is the Application

itself.

            A'GACI argues that the Application should be sealed for two reasons.

First, A'GACI points to Title VII's statutory prohibitions against disclosure.

Second, A'GACI argues that the Application should be sealed because it contains confidential business information and personnel records of employees who are not parties to the litigation.  (Dkt. # 4 at 5.)  The EEOC responds to each of these arguments, and adds that filings under seal are disfavored under the Local Rules of the Western District of Texas.  (Dkt. # 9 at 2–3.)

A.    <u>Statutory Prohibition</u>

A'GACI first argues that Title VII prohibits the EEOC from publicly disclosing information obtained in the course of investigating and attempting to resolve Daiss's charge.  (Dkt. # 4 at 6.)  In support of its position, A'GACI points to two sections of Title VII which make it a crime to make public information obtained by the EEOC.  First, § 2000e–8(e) states:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section <u>prior to the institution of any proceeding under this subchapter involving such information</u>.  Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year.

42 U.S.C. § 2000e–8(e) (emphasis added).  Second, § 2000e–5(b) provides, in relevant part:

> Charges shall not be made public by the Commission . . . If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment

> practice by informal methods of conference, conciliation, and persuasion.  Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.  Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

42 U.S.C. § 2000e–5(b).  The parties disagree as to whether filing an application to enforce an administrative subpoena qualifies as a "proceeding" under § 2000e–8(e).  The Supreme Court has suggested that it does not.  See E.E.O.C. v. Associated Dry Goods Corp., 449 U.S. 590, 602 (1990) (stating that it would be nonsensical to bar the charging party from viewing information obtained in the course of investigation "only after filing a lawsuit" in holding the charging party has the right to view confidential investigative information under § 2000e–8(e)); Univ. of Pa. v. E.E.O.C., 493 U.S. 182, 192 (1990) (stating that § 2000e–8(e) provides "protection of confidentiality" in affirming enforcement of subpoena).  The Court therefore finds that under § 2000e–8(e), the EEOC erred in making public information it obtained in the course of investigating Daiss's charge.

Additionally, the Court finds that pursuant to § 2000e–b(5), the EEOC had an obligation not to publicly disclose the charge itself.  See E.E.O.C. v. Philip Servs. Corp., 635 F.3d 164, 166–67 (5th Cir. 2011) (reading § 2000e–5(b) to contain a "distinct non-disclosure provision" against "disclosure of filed charges").  The Fifth Circuit has noted that the legislative purpose behind § 2000e–5(b)'s ban

on making charges public was to prevent "the making available to the general public of unproven charges."  Branch v. Phillips Pet. Co., 638 F.2d 873, 879 (5th Cir. Unit A Mar. 1981) (citing 110 Cong. Rec. 12723 (1964)).  Thus, the Court finds that pursuant to § 2000e–5(b), it was improper for the EEOC to quote directly from Daiss' charge in its Application.

Notably, however, A'GACI provides the Court with no authority stating that the entire Application itself must be sealed or otherwise kept confidential, and the Court's own research reveals no such rule.  A'GACI admits that it only moved to seal the Application because "the Application itself contains verbatim quotes from confidential investigative documents."  (Dkt. # 10 at 4.) A'GACI also states that its Motion "by no means suggest[s] that all applications to enforce administrative subpoenas [should] be filed under seal."  (Id.)  Additionally, the EEOC argues that permitting respondents to seal the EEOC's applications to enforce its subpoenas is contrary to the public interest.  (Dkt. # 9 at 4). Specifically, the EEOC argues that sealing applications would limit the EEOC's ability to use its subpoena power as an effective deterrent to other employers considering non-compliance.  It also argues that it is important for the public to know that the Commission is taking action to enforce Title VII, and for employers to see what public action may be taken against them if they fail to respond to EEOC subpoenas.  (Id. at 4.)

The Court agrees with the EEOC and finds that the right to public access requires parts of the Application to remain in the public record, as applications to enforce EEOC subpoenas are an important part of the EEOC's mission of "vindicat[ing] the public interest in preventing employment discrimination."  Gen. Tel. Co. v. E.E.O.C., 446 U.S. 318, 326 (1980).   Because the EEOC serves a public purpose, the public right to access court documents filed in furtherance of that purpose is particularly significant.  Therefore, the Court determines that the competing interests are best balanced by **GRANTING** A'GACI's motion to seal the Application currently in the record, and by ordering the EEOC to produce a redacted version of the Application for the public record. See Fed. R. Civ. P. 5.2(f) (permitting a party making a redacted filing to file an unredacted copy under seal).  Pursuant to the statutory prohibitions of Title VII, the redacted version must be free of quotations from Daiss's charge and the information produced by A'GACI in the course of the EEOC's investigation.

B.    Confidential Information

A'GACI states that the documents submitted by the EEOC contain A'GACI's confidential business information, including company stockroom and loss prevention policies, internal store reviews, and payroll and sales information. (Dkt. # 4 at 10.)  A'GACI also states that these documents include A'GACI's confidential personnel information, such as disciplinary documents and

8

spreadsheets with termination reasons for identified employees.  (Id.)  As stated above, the EEOC has already stipulated to sealing the exhibits to its Application. (Dkt. # 9 at 2.)  The Court finds that A'GACI's privacy concerns are adequately addressed by redacting those portions of the Application that quote directly from information and data provided by A'GACI in the course of the EEOC's investigation.

       C.     <u>Western District of Texas Local Rules</u>

Lastly, the EEOC argues that filings under seal are disfavored under the Local Court Rules of the Western District of Texas.  (Dkt. # 9 at 2–3.)  Local Rule CV–5.2(b) states: "Motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored.  The court expects parties to draft such submissions in a manner that does not disclose confidential information."

"Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."  <u>Kinsley v. Lakeview Reg'l Med. Ctr.</u>, 570 F.3d 586, 589 (5th Cir. 2009).  Because Title VII explicitly prohibits the EEOC from making public Daiss's charge and information obtained in the course of investigating the charge, the federal statutes take clear precedence over the preference of the local rule.

II.     Motion to File Exhibits to Response Under Seal

         The second Motion before the Court is A'GACI's Motion to File

Exhibits to Response Under Seal.  (Dkt. # 5.)  The exhibits to A'GACI's Response

to the EEOC's Application include Daiss's charge, the EEOC's notification of the

charge, A'GACI's position statement, and correspondence between the EEOC and

A'GACI, including information provided by A'GACI in response to informal

requests for information.  (Id., Exs. S-1–S-19.)  In its Response to A'GACI's

Motion to Seal Application to Enforce Subpoena, the EEOC stated that it does not

oppose this Motion.  (Dkt. # 9 at 2 n.1.)

         Furthermore, for the reasons stated above, the Court finds that these

documents should not be made public pursuant to Title VII's prohibitions on

making public the charge and information obtained in the course of the

investigation before a formal proceeding commences.  See 42 U.S.C. § 2000e–

8(e), § 2000e–5(b).  The Court therefore **GRANTS** A'GACI's Motion to File

Exhibits to Response Under Seal.

III.    Motion to Seal EEOC's Reply, Motion for Protective Order, and Request for
        Attorney's Fees

         The third Motion before the Court is A'GACI's Motion to Seal

EEOC's Reply, Motion for Protective Order, and Request for Attorneys' Fees.

(Dkt. # 11.)  Like the EEOC's Application, the EEOC's Reply to A'GACI's

Response to the Application quotes directly from Daiss's charge.  Specifically, it

quotes at length from the addendum to the charge.  (See Dkt. # 13 at 5–6.)  As explained above, 42 U.S.C. § 2000e–5(b) prohibits the EEOC from making public charges of discrimination.  Again, the EEOC erred by quoting verbatim from the charge.  The Court therefore **GRANTS** A'GACI's motion to seal the Reply, but for the same reasons stated above, orders the EEOC to produce a redacted copy of the Reply for the public record.  The redacted version must be free of quotations from the addendum to Daiss's charge.

Next, A'GACI requests a protective order prohibiting the EEOC from putting excerpts from confidential materials in the public record in violation of Title VII's statutory prohibitions.  (Dkt. # 11 at 3.)  Rule 5.2(e) of the Federal Rules of Civil Procedure permits district courts, upon a finding of good cause, to issue a protective order requiring redaction of information filed in the public record.  Fed. R. Civ. P. 5.2(e).  In this case, the EEOC has repeatedly ignored the clear statutory prohibition on making charges of discrimination public.  Even after A'GACI's counsel alerted the EEOC to its obligations under the statute, the EEOC failed to comply by redacting the confidential excerpts from its filings.  In fact, the EEOC's Response to A'GACI's Motion does not even address § 2000e–5(b), presumably because the EEOC recognizes it failed to abide by the clear prohibition against publicizing charges in that section.  Therefore, the Court finds good cause to **GRANT** A'GACI's motion for a protective order prohibiting the EEOC from

quoting from the charge and information obtained in the course of investigating the charge in future filings, until such time as a lawsuit may be filed regarding the charge.

Finally, A'GACI asks the Court to award attorney's fees incurred by A'GACI in conjunction with filing multiple motions to seal.  (Dkt. # 11 at 5.)  Pursuant to its inherent powers, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258–59 (1975) (internal quotation marks omitted)).

The Court notes that both parties have done a good deal of finger-pointing over the course of this matter and each accuses the other of failing to make a good faith effort to resolve the confidentiality issues.  Although A'GACI vehemently maintains that the EEOC has continually and unreasonably refused to cooperate with A'GACI's requests to protect its confidential information, the EEOC points out that it stipulated to sealing the exhibits to its Application and did not oppose A'GACI's Motion to File Exhibits to Response Under Seal.  (Dkt. # 9 at 2.)  Furthermore, although the EEOC clearly violated § 2000e–5(b) by reproducing large parts of Daiss's charge in the public record, the Court finds that the EEOC did not act "in bad faith, vexatiously, wantonly, or for oppressive

reasons" in opposing A'GACI's requests to seal the Application and Reply in their entirety, as removing those documents from the public record altogether violates the public's right to access.  Therefore, the Court **DENIES** A'GACI's request for attorney's fees.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** A'GACI's Motion to Seal Application to Enforce Administrative Subpoena.  (Dkt. # 4.) Pursuant to the parties' stipulation, the Clerk of Court is **ORDERED** to seal the exhibits to the EEOC's Application to Enforce Administrative Subpoena (Dkt. # 1).  The EEOC is **ORDERED** to file a redacted version of the Application, omitting language quoted directly from the charge and materials obtained in the course of investigating the charge.  The Court **GRANTS** A'GACI's Motion to File Exhibits to Response Under Seal.  (Dkt. # 5.)  Finally, the Court **GRANTS** A'GACI's Motion to Seal EEOC's Reply, **GRANTS** A'GACI's Motion for Protective Order, and **DENIES** A'GACI's Request for Attorneys' Fees.  (Dkt. # 11.)  The EEOC is hereby **ORDERED** to file a redacted version of the Reply omitting language quoted directly from the addendum to the charge.  The EEOC is further **ORDERED** to redact excerpts from the charge of discrimination and the information obtained in the course of investigating that information from all future filings until such time as a lawsuit may be filed regarding the charge.

13

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 5, 2015.

_____
David Alan Ezra
Senior United States Distict Judge