UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § | No. SA:14–MC–445–DAE |
| Applicant, | | |
| vs. | | |
| A'GACI, LLC, | | |
| Respondent. | | |

ORDER DENYING APPLICANT'S MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration of the Court's Order Granting Respondent's Motion to Seal filed by Applicant the Equal Employment Opportunity Commission (the "EEOC"). (Dkt. # 21.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the opposing memorandum, for the reasons that follow, the Court **DENIES** the EEOC's Motion for Reconsideration (Dkt. # 21).

BACKGROUND

On November 6, 2009, Chris Daiss ("Daiss"), a former employee of Respondent A'GACI ("A'GACI"), filed a charge of discrimination with the EEOC alleging that he had been terminated in retaliation for complaining about potentially discriminatory hiring practices. (Dkt. # 4 at 2.) On May 12, 2011, the EEOC issued Subpoena No. DA–11–10, requesting various data and information

from A'GACI in connection with Daiss's charge and the allegations therein.  (Id. at 3.)  A'GACI filed a petition to modify or revoke the subpoena, which the EEOC denied.  (Id.)  A'GACI continued to refuse to provide the requested information, and on May 14, 2014, the EEOC filed an Application to Enforce Administrative Subpoena in this Court.  (Dkt. # 1.)

On July 11, 2014, A'GACI filed a Motion to Seal the EEOC's Application to Enforce Administrative Subpoena.  (Dkt. # 4.)  On July 14, 2014, A'GACI filed a Motion to File Exhibits to Response Under Seal.  (Dkt. # 5.)  Finally, on August 19, 2014, A'GACI filed a Motion to Seal EEOC's Reply, Motion for Protective Order, and Request For Attorney's Fees.  (Dkt. # 11.)  On February 5, 2015, the Court entered an Order granting A'GACI's first two Motions to Seal and Granting in Part the third Motion.  (Dkt. # 18.)  On March 3, 2015, the EEOC filed a Motion for Reconsideration.  (Dkt. # 21.)  On March 10, 2015, A'GACI filed a Response.  (Dkt. # 22.)

## LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order."  Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004).  Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on when it

was filed.  See id.  "If the motion is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion."  Obersteller v. United States, No. A–13–CV–198–LY, 2013 WL 7138802, at *1 (W.D. Tex. July 19, 2013); see also Fed. R. Civ. P. 59(e).  Here, the EEOC filed its Motion 26 days after the Court's Order was entered.  Therefore, the Court considers the Motion under Rule 59.

Federal Rule of Civil Procedure 59(e) permits a litigant to challenge the correctness of a judgment.  Three rationales can support a motion to alter or amend under Rule 59(e): (1) the judgment exhibits either "a manifest error of law or fact"; (2) the litigant wishes to present newly discovered evidence; or (3) "there has been an intervening change in the controlling law."  Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).  Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," and instead is an "extraordinary remedy that should be used sparingly."  Templet v. HydroChem Inc., 367 F.3d 476, 479 (5th Cir. 2004).

DISCUSSION

The EEOC asks the Court to reconsider two holdings in its previous Order. First, the EEOC asks the Court to reconsider its finding that the EEOC violated 42 U.S.C. § 2000e-5 by reproducing large parts of Daiss's charge in the record. (Dkt. # 21 at 3–4.) Second, the EEOC asks the Court to reconsider its holding that an application to enforce an administrative subpoena is a "proceeding" within the meaning of 42 U.S.C. § 2000e-8. (Id. at 4–7.) The Court addresses each holding below.

I.  42 U.S.C. § 2000e-5 Prohibition on Disclosing Charge

First, the EEOC asks the Court to reconsider its finding that it violated 42 U.S.C. § 2000e-5 by reproducing large parts of Daiss's charge in the record. (Dkt. # 21 at 3–4.) In its previous Order, the Court held that pursuant to 42 U.S.C. § 2000e-5(b), the EEOC had an obligation not to publicly disclose the charge of discrimination itself. (Dkt. # 18 at 6–7.) Section 2000e-5(b) reads in relevant part as follows:

> [w]henever a charge is filed . . . the Commission shall . . . make an investigation thereof . . . . <u>Charges shall not be made public by the Commission</u> . . . . If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. <u>Nothing said or done during and as a part of such informal endeavors may be made public by the Commission</u>, its officers or employees, or used as evidence in a

4

>subsequent proceeding without the written consent of the persons concerned.

42 U.S.C. § 2000e-5(b) (emphasis added). In its previous Order, the Court cited Fifth Circuit law noting that § 2000e-5(b) contains two distinct non-disclosure provisions. (Dkt. # 18 at 6 (citing E.E.O.C. v. Philip Servs. Corp., 635 F.3d 164, 166–67 (5th Cir. 2011).) The first is a prohibition against disclosure of filed charges, and the second is a prohibition against disclosure of what was said and done during conciliation. Philip Servs. Corp., 635 F.3d at 167. The Fifth Circuit has also looked to the legislative history behind the first prohibition, and noted that the purpose of the ban on making charges public is to prevent "the making available to the general public of unproven charges." Branch v. Phillips Pet. Co., 638 F.2d 873, 879 (5th Cir. Unit A Mar. 1981) (citing 110 Cong. Rec. 12723 (1964)).

Here, the EEOC argues that Philip Services Corp. should not control in this instance because that case addressed the issue of whether a party may sue for the breach of an alleged oral contract reached during Title VII's conciliation process, and thus centered on the second prohibition identified by the Fifth Circuit above. (Dkt. # 21 at 4.) While this is true, this fact has no bearing on the Fifth Circuit's comments regarding the meaning and purpose of the first prohibition, which is relevant to the issue before this Court. The Court finds that the EEOC has

demonstrated no manifest error of law, and that it is therefore not entitled to reconsideration on this issue.

II.     Meaning of "Proceeding" Under 42 U.S.C. § 2000e-8

Next, the EEOC asks the Court to reconsider its holding that an application to enforce an administrative subpoena is not a "proceeding" as that word is used in 42 U.S.C. § 2000e-8(e).  (Dkt. # 21 at 4–7.)  In its previous Order, the Court held that filing an application to enforce an administrative subpoena did not qualify as a "proceeding" within the meaning of that section based on relevant Supreme Court precedent.  (Dkt. # 18 at 6.)  Section 2000e-8(e) reads in relevant part:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

42 U.S.C. § 2000e-8(e).

Again, the Court finds the legislative history behind this section instructive.  Senator Humphry stated that § 2000e-8(e) was added to Title VII to "prohibit[] the Commission and its employees from making public information obtained by compulsory process in the course of its investigation except in the course of litigation arising under the title."  110 Cong. Rec. 12723 (1964).  Senator Humphry continued, "[t]he amendment is not intended to hamper Commission

6

investigations or proper cooperation with other State and Federal agencies, but rather is aimed at the making available to the general public of unproven charges." Id. (emphasis added).

At this stage of the EEOC's investigation, no charges have been proven against A'GACI. The EEOC has not even determined whether or not Daiss's charge of discrimination has merit or whether to pursue the charge through litigation against A'GACI. It would be eminently unfair if the EEOC could publish information obtained in the course of investigating a charge before any determination is made as to whether the charge states a valid complaint of unlawful employment practices. Under the EEOC's reading of the statute, should the EEOC wish to embarrass an employer who rightfully refuses to comply with an overbroad subpoena, as A'GACI did in this instance, all the EEOC would need to do is file an application to enforce the overbroad subpoena before putting material obtained from the employer in the public record.

In its Motion for Reconsideration, the EEOC points to University of Pennsylvania v. E.E.O.C., in which the Supreme Court discussed allegations made in a charge of discrimination at the subpoena enforcement stage. 493 U.S. 182, 182 (1990).[1] The EEOC argues that this discussion proves that Title VII does not

---

[1] The EEOC also cites E.E.O.C. v. Kronos, Inc., 620 F.3d 287, 292 (3d Cir. 2012) and E.E.O.C. v. Packard Elec. Div., 56 F.2d 315 316–17 (5th Cir. 1978) for the same proposition. For the same reasons explained below with reference to

7

prohibit the EEOC from disclosing information included in a charge of discrimination once the EEOC initiates a subpoena enforcement proceeding. (Dkt. # 21 at 5–6.) However, the EEOC ignores the practical concerns a court faces when ruling on applications to enforce administrative subpoenas: to make an effective and well-reasoned ruling, in the best interests of both parties, a court must necessarily discuss the facts of the matter at hand. The Court disagrees that this case provides support for the position that the EEOC may publish materials obtained from employers during the course of investigating a charge of discrimination before the charge is determined to have any merit.

    Finally, the EEOC points out that the EEOC's authority to investigate and issue subpoenas is granted under 42 U.S.C. § 2000e-9, which incorporates by reference Section 11 of the National Labor Relations Act, 29 U.S.C. § 161. (Dkt. # 21 at 7.) The EEOC points the Court to N.L.R.B. v. Friedman, in which the Third Circuit referred to an action brought to compel compliance with NLRB-issued subpoenas as a "proceeding." 352 F.2d 545, 546 (3d Cir. 1965). The Court finds this argument unpersuasive because in Friedman, the Third Circuit used the term "proceeding" in the general sense and made no specific finding that the action to compel compliance was a "proceeding" within the meaning of a statutory provision applicable to the EEOC. Thus, the Court finds that the EEOC has not

---

University of Pennsylvania v. E.E.O.C., the Court does not find the EEOC's reliance on these cases persuasive.

pointed to any "manifest error of law," and is likewise not entitled to reconsideration on this issue.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the EEOC's Motion for Reconsideration (Dkt. # 21).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 26, 2015.

_____
David Alan Ezra
Senior United States Distict Judge